A. **Second Circuit Docket number:** 23-464

B. **Opposing Parties**:

| | | | |
|---|---|---|---|
| 1. | The City of New York | 8. | NYPD Officer Avdo Javorovac |
| 2. | NYPD Sergeant Frank Amill | 9. | NYPD Officer Brian Leo |
| 3. | NYPD Officer John Avellino | 10. | NYPD Officer Liang Lin |
| 4. | NYPD Officer Andrew Cummings | 11. | NYPD Officer Steven Perez |
| 5. | NYPD Officer Ruben Farrell | 12. | NYPD Officer Claudia Rodriguez |
| 6. | NYPD Officer Saquoi Harris | 13. | NYPD Captain Joseph Tompkins |
| 7. | NYPD Officer Robert Holmes | | |

C. **Opposing Attorney's Contact Information**:

- **Name**: New York City Corporation Counsel Sylvia Hinds-Radix (her office appears to have designated Jamison Davies who works for it to represent the defendants listed above)

    **Mailing address**:

    New York City Law Department
    100 Church Street
    New York, New York 10007

    Tel: (212) 356-1000
    E-mail: ServiceECF@law.nyc.gov

    Jamison Davies
    Tel: (212) 356-2490
    E-mail: davies@law.nyc.gov

UNITED STATES COURT OF APPEALS FOR
THE SECOND CIRCUIT
-----------------------------------------------------------X

| | |
|---|---|
| Towaki Komatsu, | Docket Number: 23-464 |
| Plaintiff, | **Affirmation in support of motion for an extension of time to submit a motion for leave to appeal** |
| v. | |
| The City of New York, | |
| Defendants. | |

-----------------------------------------------------------X

I, Towaki Komatsu, declare, pursuant to 28 U.S.C. §1746, under penalty of perjury that the information that is presented throughout this affirmation as well as otherwise incorporated by reference within it as though fully set forth herein is true and correct. I am the pro se Plaintiff in the above-entitled appeal and am fully familiar with the facts and circumstances set forth herein.

### Preliminary Remarks

1. This affirmation is comprised of the following additional sections:

| **Section** | **Page** |
|---|---|
| a. Relief Sought | 2 |
| b. Statements of Fact | 3 |
| c. Conclusion | 6 |

   d.  Certificate of Compliance About Rule 27(d)(2)

2.  The acronyms shown in the next table's first column refer to entities and other things to which I refer in this affirmation that are identified in that table's second column.

| ID | Entity |
|---|---|
| CSOs | Federal court security officers |
| HRA | The New York City Human Resources Administration |
| The Law Department | The New York City Law Department |
| NTT | NTT Data, Inc. |
| USAO | The U.S. Attorney's Office for the Southern District of New York |
| USMS | The U.S. Marshals Service |

3.  The acronyms shown in the next table's first column refer to ongoing and past litigation involving me to which I refer in this affirmation that is listed to the right in that table.

| # | Acronym | Litigation |
|---|---|---|
| 1 | K1 | *Komatsu v. NTT Data, Inc.*, No. 30955/12 (Civ. Ct. NY Cty.) |
| 2 | K2 | *USA v. Komatsu*, No. 18-cr-651 (ST)(Oct. 21, 2019) |

## Relief Sought

1.  I seek a 2-week extension of this Court's 4/21/23 deadline to submit a motion for leave to appeal for this appeal.

2.  I also seek for this Court to immediately order the USMS to immediately stop displaying images of me and my name inside of federal courthouses while I conduct myself in a lawful manner.

3.	I further seek for this Court to order the USMS to immediately and continuously act as process servers on my behalf for this appeal by effectuating service of all legal papers of mine on my behalf on the attorneys for the the respondents for this appeal.

**Statements of Fact**

1.	I currently seek a 2-week extension of the deadline for filing a motion for leave to file an appeal to this Court for this appeal both because **a)** I was under the impression until today that I would need to serve more than just Jamison Davies of the Law Department a copy of that motion and **b)** I haven't had sufficient financial resources to use for printing and mailing that I would need to do if I had to serve that motion on others too. I haven't had those financial resources because I'm not working and because I am still being subjected to wage-theft that dates back to 2012. I am not working strictly because I'm not being granted job interviews.

2.	The fact that I receive government benefits from HRA and was defrauded on 2/27/23 of my rightful access to and use of $350 in cash assistance benefits that I was issued by HRA exacerbates the financial hardship that I just referred to.

3.	I am scheduled to receive a new issuance of cash assistance benefits on 4/24/23 from HRA and I was planning on using some of that to take care of my legal expenses for submitting my motion for leave to appeal for this appeal.

4.	Since I'm a pro se litigant in this appeal, this Court is legally required partly

by *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) to "be sensitive to the problems faced by *pro se* litigants and innovative in their responses to them.""

5. Vincent Chirico currently works as a federal court security officer ("CSO") and is assigned to the Thurgood Marshal federal courthouse in Manhattan that is hereinafter referred to as "TM". He previously worked for the NYPD and his LinkedIn profile that reflects his career is available at https://www.linkedin.com/in/vincent-chirico-8211b61aa. At 3:06 pm on 4/3/23, he and I as well as a second male CSO all saw an image of my face and my name while that was clearly, illegally, discriminatorily, pretextually, publicly, and prominently shown yet again on a tablet computer screen inside of TM in a security screening area on its first floor to the left of its main entrance. That occurred while I was conducting myself in an entirely lawful manner. This is relevant partly because USMS personnel are continuing to illegally provoke, stigmatize, degrade, demean, and ostracize me while sabotaging my right to fair trials in federal court litigation of mine. Jurors, journalists, attorneys, and others walk through that same security area and certainly can and likely are being prejudiced against me simply by seeing my face and name on that tablet computer screen that also shows the faces and names of others on it. What differentiates me from them is the material fact that I legally whipped the USMS, CSOs, and the

USAO by virtue of the dismissal of the malicious prosecution that was commenced against me that corresponds to K2 right before I would have otherwise testified truthfully and in detail to a jury against them and federal judges. The practice of displaying my face and name on such tablet computer screens is also detrimental to my employment prospects partly by discouraging people who see that information from granting me job interviews. In short, absolutely no valid reason has ever existed for that information about me to be publicly shown on those screens. The fact that it has been shown and is continuing to be shown certainly violates 18 U.S.C. §401 and this Court can and must immediately and severely sanction USMS personnel for that in a manner that causes me to be immediately issued a substantial monetary award as well as equitable relief against the USMS.

6. K1 is ongoing litigation of mine against NTT that is a business partner partly of the U.S. Courts and that litigation is primarily about valid wage-theft claims of mine that date back to 2012. A judge issued an order on 4/18/23 in K1 in which he or she baselessly and prejudicially declined to sign an order to show cause application that I filed in K1 partly to be granted immediate preliminary injunctive relief partly to enable me to properly contend with this appeal by havign sufficient resources to print and mail things. K1 is parallel litigation of mine partly with respect to the fact that I also have ongoing litigation against NTT that is filed with the U.S. Supreme Court. Further information about that U.S. Supreme Court

litigation is available at

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-7102.html.

## Conclusion

This Court should grant this motion in its entirety, together with such other, further and different relief as this court deems just, equitable, and proper partly to end and otherwise prevent irreparable and substantial harm that I'm experiencing and am otherwise imminently facing.

Dated: April 20, 2023

                                                               Towaki Komatsu

*Plaintiff, Pro Se*

                                     1068 Franklin Ave., Rm. 307
                                     Bronx, NY 10452
                                     Tel: 305-784-7450
                                     E-mail: Towaki_Komatsu@yahoo.com

## **CERTIFICATE OF COMPLIANCE ABOUT RULE 27(d)(2)**

I, Towaki Komatsu, certify that this motion contains 1,162 words and is 6 pages in length (excluding, as permitted by Fed. R. App. P. 32(f), the table of authorities, appended exhibits, and certificate of compliance), as counted by the Microsoft Word computer software used to prepare this motion.

I further certify pursuant to Fed. R. App. P. 27(d)(2) that the attached motion is proportionally spaced and has a typeface (Times New Roman) of 14 points.

Dated:   April 20, 2023

_____
Towaki Komatsu

*Plaintiff, Pro Se*

1068 Franklin Ave., Rm. 307
Bronx, NY 10452
Tel: 305-784-7450
E-mail: Towaki_Komatsu@yahoo.com

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

**Towaki Komatsu,**

              Plaintiff-Appellant,

v.

The City of New York

              Defendants-Appellees.

**CERTIFICATE OF SERVICE***

Docket Number: 23-464

I, **Towaki Komatsu** (print name), hereby certify under penalty of perjury that on 4/20/23 (date), I served the attached motion on defendants' attorneys for the docket number shown above

(list all documents)

by (select all applicable)**

___ Personal Delivery     ___ United States Mail     ___ Federal Express or other Overnight Courier

___ Commercial Carrier     _X_ E-Mail (on consent)

on the following parties:

**See attached for details.**

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

4/20/23
Today's Date

[signature]
Signature

Certificate of Service Form

**How service was effectuated on 4/20/23**:

| # | Parties | Attorney | E-mailed To |
|---|---------|----------|-------------|
| 1 | 1. The City of New York<br>2. NYPD Sergeant Frank Amill<br>3. NYPD Officer John Avellino<br>4. NYPD Officer Andrew Cummings<br>5. NYPD Officer Ruben Farrell<br>6. NYPD Officer Saquoi Harris<br>7. NYPD Officer Robert Holmes<br>8. NYPD Officer Avdo Javorovac<br>9. NYPD Officer Brian Leo<br>10. NYPD Officer Liang Lin<br>11. NYPD Officer Steven Perez<br>12. NYPD Officer Claudia Rodriguez<br>13. NYPD Captain Joseph Tompkins | Jamison Davies of the Corporation Counsel of the City of New York | ServiceECF@law.nyc.gov and jdavies@law.nyc.gov |