**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 23-464 _____   _____ Caption [use short title] _____

**Motion for:** a) retroactive authorization for leave to appeal for this appeal and b) further relief that is specified in the "Relief Requested"

section in the attached supporting affirmation

Set forth below precise, complete statement of relief sought:

I seek an order that will grant me retroactive authorization for

leave to appeal for this appeal and b) further relief that is

specified in the "Relief Requested" section in the

attached supporting affirmation.

_____

_____

**Komatsu v. City of New York**

**MOVING PARTY:** Towaki Komatsu _____   **OPPOSING PARTY:** See attached _____

[✓] Plaintiff        [ ] Defendant

[ ] Appellant/Petitioner   [ ] Appellee/Respondent

**MOVING ATTORNEY:** Towaki Komatsu _____   **OPPOSING ATTORNEY:** Jamison Davies _____

[name of attorney, with firm, address, phone number and e-mail]

Towaki Komatsu _____   Jamison Davies _____

1068 Franklin Ave., Rm. 307, Bronx, NY 10452   New York City Law Department, 100 Church St., NY, NY

Tel: 305-784-7450/ E-mail: Towaki_Komatsu@yahoo.com   10007/ Tel: 212-356-2490/ e-mail: jdavies@law.nyc.gov

**Court- Judge/ Agency appealed from:** U.S. District Judge Valerie Caproni

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes   [ ] No (explain): _____

_____

Opposing counsel's position on motion:
[ ] Unopposed   [ ] Opposed  [✓] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes   [ ] No   [✓] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   [✓] Yes [ ] No

Has this relief been previously sought in this court?   [✓] Yes [ ] No

Requested return date and explanation of emergency:
Return date: As soon as possible. The nature of the emergency is about the fact that personnel of the U.S. Marshals Service and federal court security officers continue to pretextually and illegally provoke me inside of federal courthouses and sabotage my right to fair trials partly by illegal stigmatization.

Is oral argument on motion requested?   [✓] Yes [ ] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   [ ] Yes [✓] No If yes, enter date: _____

**Signature of Moving Attorney:**

Towaki Komatsu _____   **Date:** 4/21/23 _____   Service by: [ ] CM/ECF  [✓] Other [Attach proof of service]

**A.**   **Second Circuit Docket number:** 23-464

**B.**   **Opposing Parties**:

| | | | |
|---|---|---|---|
| 1. | The City of New York | 8. | NYPD Officer Avdo Javorovac |
| 2. | NYPD Sergeant Frank Amill | 9. | NYPD Officer Brian Leo |
| 3. | NYPD Officer John Avellino | 10. | NYPD Officer Liang Lin |
| 4. | NYPD Officer Andrew Cummings | 11. | NYPD Officer Steven Perez |
| 5. | NYPD Officer Ruben Farrell | 12. | NYPD Officer Claudia Rodriguez |
| 6. | NYPD Officer Saquoi Harris | 13. | NYPD Captain Joseph Tompkins |
| 7. | NYPD Officer Robert Holmes | | |

**C.**   **Opposing Attorney's Contact Information**:

- **Name**: New York City Corporation Counsel Sylvia Hinds-Radix (her office appears to have designated Jamison Davies who works for it to represent the defendants listed above)

  **Mailing address**:

  New York City Law Department
  100 Church Street
  New York, New York 10007

  Tel: (212) 356-1000
  E-mail: ServiceECF@law.nyc.gov

  Jamison Davies
  Tel: (212) 356-2490
  E-mail: davies@law.nyc.gov

UNITED STATES COURT OF APPEALS FOR
THE SECOND CIRCUIT
-------------------------------------------------------- X

Towaki Komatsu,                                    Docket Number: 23-464

                            Plaintiff,             **Affirmation in support of
                                                   motion for leave to
        v.                                         appeal**

The City of New York,

                            Defendants.

-------------------------------------------------------- X

I, Towaki Komatsu, declare, pursuant to 28 U.S.C. §1746, under penalty of perjury

that the information that is presented throughout this affirmation as well as

otherwise incorporated by reference within it as though fully set forth herein is true

and correct. I am the pro se Plaintiff in the above-entitled appeal and am fully

familiar with the facts and circumstances set forth herein.

### Preliminary Remarks

1.      This affirmation is comprised of the following additional sections:

| **Section** | **Page** |
|---|---|
| a. Relief Sought | 3 |
| b. Statements of Fact | 7 |
| c. Conclusion | 17 |

      d.     Certificate of Compliance About Rule 27(d)(2)

2.    The acronyms shown in the next table's first column refer to ongoing and past litigation involving me to which I refer in this affirmation that is listed to the right in that table.

| # | Acronym | Litigation |
|---|---------|------------|
| 1 | K1 | *Komatsu v. City of New York*, No. 20-10942 (VEC)(RWL)(S.D.N.Y. Jun. 17, 2022) |
| 2 | K2 | *Komatsu v. New York*, No. 22-6605 (U.S. Mar. 20, 2023) |
| 3 | K3 | *People v. Komatsu*, No. 2017BX048917 (Bronx Crim. Ct. Jan. 23, 2020) |
| 4 | K4 | *USA v. Komatsu*, No. 18-cr-651(ST)(E.D.N.Y. Oct. 21, 2019) |
| 5 | K5 | *USA v. Komatsu*, No. 18-cr-671(VEC)(S.D.N.Y.) |
| 6 | K6 | *Komatsu v. USA*, No. 21-cv-1838 (RJD)(RLM)(S.D.N.Y. Jan. 19, 2023) |
| 7 | K7 | *Komatsu v. City of New York*, No. 18-cv-3698 (LGS)(GWG)(S.D.N.Y. Sep. 27, 2021) |
| 8 | K8 | *Komatsu v. NTT Data, Inc.*, No. 15-cv-7007 (LGS)(S.D.N.Y. May 17, 2016) |

3.    The acronyms shown in the next table's first column refer to entities and other things to which I refer in this affirmation that are identified in that table's second column.

| ID | Entity |
|----|--------|
| CCRB | The New York City Civilian Complaint Review Board |
| CS | Credit Suisse |
| CSO | Federal court security officer |
| CSOs | Federal court security officers |
| DPM | The Daniel Patrick Moynihan federal courthouse in Manhattan |
| NTT | NTT Data, Inc. |
| SCOTUS | The U.S. Supreme Court |
| TM | The Thurgood Marshall federal courthouse in Manhattan |
| USAO | The U.S. Attorney's Office for the Southern District of New |

| | York |
|---|---|
| The USCOC | The Code of Conduct for U.S. Judges |
| USMS | The U.S. Marshals Service |
| The USMS' crimes | How I defined this between pages 5 and 7 in the PDF file for my 6/2/22 filing in K6 (Dkt. 145) |

## Relief Sought

I urge this Court to immediately issue an order that grants me immediate relief by:

1.      Granting me authorization to file this appeal and providing me a clear explanation about this Court's rationale for its decisions and orders in this and all subsequent appeals to this Court that I pursue instead of making generalizations to allow for meaningful appellate review and to facilitate the public's understanding of those same decisions and orders.

2.      Fast-tracking this appeal partly to somewhat level the scales of justice by offsetting the fact that this Court has long hindered my ability to pursue appeals to it as a result of this Court's filing restrictions against me that date back to November of 2021.

3.      Vacating the filing restrictions that this Court imposed against me in November of 2021 and instead properly focusing this Court's attention on performing its legal duty pursuant to _Sheppard v. Maxwell_, 384 U.S. 333, 86 S. Ct. 1507, 16 L. Ed. 2d 600 (1966) and the USCOC to exercise proper control of court by immediately and fully remedying longstanding misconduct by USMS

personnel, CSOs, and federal judges that I have experienced and still experience.

4.    Granting me immediate injunctive relief to finally end the USMS' crimes and have USMS personnel and CSOs diligently and objectively prosecuted by a private prosecutor in the wake of that practice having been affirmed by *Donziger v. USA*, No. 22-274 (U.S. Mar. 27, 2023).

5.    Issuing immediate and severe sanctions against the USMS and CSOs that will consist of both imprisonment of them and monetary sanctions to be immediately payable to me in response to the USMS' crimes that occurred as recently as 4/3/23 inside of TM and have illegally and pretextually caused me to be provoked, harassed, stigmatized, demeaned, degraded, publicly-shamed, oppressed, and persecuted since 2018 partly by CSOs and USMS personnel due to criminal negligence and scapegoating of me by federal judges who themselves have continuously and prejudicially violated *Sheppard v. Maxwell* by willfully shirking their legal duty to exercise proper control of court that would otherwise cause **a)** them to properly control the behavior of the USMS and CSOs and **b)** me to be able to experience my legal right to continuous serenity and calm throughout the entire time that I'm inside of federal courthouses.

6.    Declaring that sufficient grounds cause it to be objectively reasonable to conclude that the findings in the decisions, orders, memo endorsements, and reports that U.S. District Judge Valerie Caproni and U.S. Magistrate Judge Robert

Lehrburger issued in K1 aren't supported by matters of law, fact, and evidence and instead appear to have driven by prohibited bias, prejudice, and animosity that proximately causes the deliberate process privilege and mental process privilege that would otherwise apply to their decision-making in K1 to not apply.

7.     Ordering Judge Caproni and Judge Lehrburger to preserve and promptly provide me the entirety of their records without redactions that have contained information about me to enable me to diligently probe ulterior and impermissible motives they likely had for their decisions, orders, memo endorsements, and reports in K1 because such information would support my ability to prevail on the merits with this appeal.

8.     Granting me a free Pacer account.

9.     Authorizing me to **a)** keep all electronic devices of mine with me throughout the entire time that I'm inside of federal courthouses that are located in New York City and **b)** freely use them to:

   a.     Record video recordings, audio recordings, and take photographs outside of courtrooms strictly of all CSOs and USMS personnel who follow me, interact with me, and otherwise treat me differently than other visitors to those courthouses.

   b.     Otherwise freely use them throughout such courthouses to the same extent that journalists, judges, jurors, court clerks, attorneys, USMS personnel, and

CSOs are able to do so there with their own electronic devices to uphold my First and Fourteenth Amendment equal right to communicate and receive information.

10.     Granting me both an oral arguments hearing for this appeal and authorization to record that hearing on video after **a)** C-Span publicly broadcast a video recording that it recorded of the 3/26/19 oral arguments hearing in _Knight First Amendment Inst. Columbia v. Trump_, 928 F.3d 226 (2d Cir. 2019), **b)** SCOTUS Chief Judge John Roberts stated in the 2022 year-end report that he prepared for SCOTUS that courthouses and "what the represent belong to the public", **c)** _Craig v. Harney_, 331 U.S. 367, 67 S. Ct. 1249, 91 L. Ed. 1546 (1947) stated that what "transpires in the court room is public property", **d)** CSO Ralph Morales illegally recorded a video recording of others and I on 9/21/21 inside of DPM by using an Apple Watch personal electronics device, and **e)** _Grayned v. City of Rockford_, 408 U.S. 104, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972) pointed out that a "vague law impermissibly delegates basic policy matters to" law-enforcement personnel that include judges, CSOs, and USMS personnel "for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application."

11.     Granting me such other, further, and different relief as a jury would deem just and proper.

**Statements of Fact**

1.      I currently seek a 2-week extension of the deadline for filing a motion for

leave to file an appeal to this Court for this appeal both because **a)** I was under the

impression until yesterday that I would need to serve more than just Jamison

Davies of the Law Department a copy of that motion and **b)** I haven't had

sufficient financial resources to use for printing and mailing that I would need to

do if I had to serve that motion on others too. I haven't had those financial

resources because I'm not working and because I am still being subjected to wage-

theft by NTT and CS that dates back to 2012. That wage-theft has been and

remains the subject of extensive litigation by me that partly includes **c)** the ongoing

petition for a writ of certiorari of mine to SCOTUS that corresponds to *Komatsu v.*

*NTT Data, Inc.*, No. 22-7102 (U.S.), **d)** *Komatsu v. NTT Data, Inc.*, No. 16-2977

(2d Cir. July 12, 2018) that was assigned to this Court, and **e)** *Komatsu v. NTT*

*Data, Inc.*, No. 30955/12 (Civ. Ct., NY Cty.) that is ongoing and in which all stays

were lifted on 12/9/22 and 1/9/23 after NTT both defaulted on commencing an

arbitration proceeding against me and prejudicially violated the 4/12/13 discovery

order by Judge Lynn Kotler. I am not currently working because I'm not being

granted job interviews and that is partly because NTT and the City of New York

are illegally blacklisting me from employment opportunities.

2.      The vexatious, dilatory, and capricious decision that this Court expressed in

its 4/7/23 order in _Komatsu v. USA_, No. 23-95 (2d Cir.) to not fast-track that appeal also greatly hinders my ability to have sufficient resources to use partly for this appeal because I'm entitled to immediate reversal of K6 and immediate partial summary judgment in K6. The fact that this Court has demonstrated that it biasedly won't comply with its legal duties pursuant to _Sheppard v. Maxwell_, 384 U.S. 333, 86 S. Ct. 1507, 16 L. Ed. 2d 600 (1966) and the USCOC to continuously exercise proper control of court and uphold my right to serenity and calm inside of courthouses partly by preventing the USMS and CSOs from continuing to pretextually sabotage **a)** my rights to fair trials in litigation of mine and **b)** my employment prospects partly by illegally and publicly showing images of my face and my name on tablet computer screens inside of TM and DPM in security screening areas and other areas outside of courtrooms to journalists, possible jurors, attorneys, and others that may possibly include people who would otherwise possibly grant me job interviews also establishes that this Court shares culpability about the fact that **c)** information about me is shown on those screens and **d)** that circumstance may be fraudulently inducing people who see that to deny me job interviews possibly due to paranoia that they might otherwise grant me.

3.    On a related note, CSO Vincent Chirico, a second male CSO, and I saw an image of my face and my name at roughly 3:06 pm on 4/3/23 while that was clearly, illegally, discriminatorily, pretextually, publicly, and prominently shown

yet again on a tablet computer screen inside of TM in the security screening area on its first floor located to the left of its main entrance. That occurred while I was conducting myself in an entirely lawful manner and that display of information about me on that screen flagrantly violated all of the following:

a.　　My due process and equal protection rights as well as those against selective-enforcement, abuse of process, and discrimination.

b.　　My First Amendment rights against compelled expression of any kind and compelled expressive association with others who were also shown on that tablet screen.

c.　　My rights pursuant to *Sheppard v. Maxwell*, 384 U.S. 333, 86 S. Ct. 1507, 16 L. Ed. 2d 600 (1966) to serenity and calm throughout the entire time that I'm inside of courthouses.

d.　　My rights pursuant to *In re Snyder,* 472 U.S. 634, 105 S. Ct. 2874, 86 L. Ed. 2d 504 (1985) to continuous courtesy by all USMS personnel, all CSOs, and federal judges.

e.　　My rights pursuant to Canon 3(A)(3) of the USCOC that points out that all federal judges are legally required to make certain that all who are subject to their control that includes the USMS and CSOs must be patient, dignified, respectful, and courteous to me inside of courthouses.

f.　　18 U.S.C. §1513(e), 18 U.S.C. §401, 18 U.S.C. §1509, 18 U.S.C.

§1507, 5 U.S.C. §552a(e)(7), New York State Civil Rights Law §50; and laws pertaining to a private nuisance.

4.      Prior to submitting this motion, I clearly presented ample grounds in the filings that I submitted in K1 between 3/22/23 and 3/28/23 that correspond to docket numbers 339 and 342 thru 344 to be granted reconsideration and reversal of K1's dismissal on the merits. I incorporate those filings by reference as though fully set forth herein. However, Judge Caproni prejudicialy and pretextually lied in the memo endorsements (docket numbers 341 and 345) that she issued in K1 on 3/27/23 and 3/29/23 by fraudulently claiming that **a)** my grounds for seeking reconsideration and reversal of her 6/17/22 decision to dismiss K1 didn't meet the standard for that in regards to FRCP Rule 60 and **b)** I hadn't alleged the existence of anything that she had overlooked that would alter K1's outcome. The straightforward fact that Judge Caproni's 3/27/23 memo endorsement in K1 (Dkt. 341) was issued before the Pro Se Intake Unit for the U.S. District Court for the Southern District of New York docketed filings of mine for K1 that were dated 3/22/23 and 3/23/23 that correspond to docket numbers 343 and 344 confirms that Judge Caproni is a liar because she couldn't possibly have considered those 2 earlier filings prior to issuing her 3/27/23 memo endorsement because they hadn't yet been made available to her by the Pro Se Intake Unit for that. I hammered that point home in my 3/28/23 filing in K1 that corresponds to docket number 342.

5.    Prior to submitting this motion, I also presented sufficient grounds in the petition for rehearing dated 4/14/23 that I filed in K2. I also incorporate that filing that is available as a PDF file at https://www.supremecourt.gov/DocketPDF/22/22-6605/263900/20230419095143835_KomatsuMainDoc.pdf by reference as though fully set forth herein.

6.    The following identifies several of the key points that I made to Judge Caproni in K1 through my filings in K1 between 3/22/23 and 3/28/23 about why reconsideration and reversal of her 6/17/22 decision to dismiss K1 was warranted before she thereafter lied by claiming that they **a)** weren't matters that she overlooked in K1 or **b)** didn't warrant the reconsideration and reversal of decisions that she made in K1 that included both its dismissal and her refusal to recuse herself in K1:

    a.    She illegally ignored the significance of what is seen and otherwise heard in NYPD body-camera video recordings and audio recording evidence that:

        i.    I shared with her in K1.

        ii.    Were recorded on 12/26/17.

        iii.    Confirm that I promptly exercised my right on 12/26/17 to refuse to be taken to a hospital and otherwise be given medical treatment before members of the NYPD illegally coerced me to be taken to a hospital then that thereafter prohibited me from being compelled to issue a release for access to

information about my medical records due to governmental estoppel.

iv.     Confirm that I promptly attempted to exercise my right on 12/26/17 to promptly talk with an attorney while I was in the NYPD's custody by asking NYPD personnel to be given a chance to do so before NYPD personnel illegally ignored that request by me.

v.      Confirm that I promptly attempted to exercise my right on 12/26/17 to make a telephone call while I was in the NYPD's custody by asking NYPD personnel to be given a chance to do so before NYPD personnel illegally ignored that request by me.

vi.     Confirm that Defendant Saquoi Harris wasn't paying proper attention to relevant matters while he fraudulently and pretextually claimed that I was an emotionally-disturbed person ("EDP") as video recording evidence that was being recorded by his NYPD body-camera proved that I wasn't an EDP. One of the main indicators that prove that Mr. Harris wasn't paying proper attention to details then is the material fact that he is heard in an audio recording as he made remarks on 12/26/17 as he erroneously claimed that he needed to have a vehicle to come to the intersection of East 156th Street and Clinton Avenue in the Bronx to give him and I a ride in spite of the fact that **a)** we were actually standing near the intersection of East 176th Street and Clinton and **b)** East 156th Street and Clinton Avenue in the Bronx don't intersect and would otherwise be very far from where

we then were.

b.    She illegally ignored the significance of what is heard in the audio

recording that the CCRB recorded on 2/2/18 of its interview of Defendant Saquoi

Harris about his interactions with me on 12/26/17 in spite of the fact that I shared

that recording with her and it confirms that he was caught lying during that

interview that further established that he doesn't have any credibility in regards to

his claims about me that were adverse to my interests.

c.    This Court stated the following in its decision in *In re Sims*, 534 F.3d

117 (2d Cir. 2008) that confirms that medical records that are about mental health

matters are protected from compelled disclosure as a result of what is known as a

"psychotherapist-patient privilege" when that privilege isn't waived:

> "we conclude that the order requiring disclosure of Sims's mental
> health records to respondents was beyond the permissible limits of
> discretion."

d.    The directive that was issued in K1 to me to issue a release that would

enable the attorneys for the defendants to gain access to my medical records was

overbroad instead of narrowly-tailored that it needed to be to limit that access to a

certain subset of my medical records. That fact caused that directive to be illegal

and unenforceable because it impermissibly imperiled my rights to privacy of

medical records of mine about mental health matters if such records existed as well

as other medical matters that were completely unrelated to an incident on 12/26/17

that was the subject of K1.

e.    The fact that U.S. District Judge Raymond Dearie fraudulently **a)** dismissed K6 on 1/19/23 and **b)** refused to grant me any relief about the USMS' crimes retrospectively confirmed that Judge Caproni was among federal judges who **c)** were legally required to promptly intervene on my behalf against the USMS and CSOs to end the USMS' crimes and **d)** illegally and abusively refused to perform that legal duty in defiance of the following:

i.    *Sheppard v. Maxwell.*

ii.   *Ingraham v. Wright*, 430 U.S. 651, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977) that points out that the "right to be free from" and "obtain judicial relief for" "unjustified intrusions on personal security" is among protected liberties.

iii.  The USCOC and Canon 3(A)(3) within it in particular that points out that judges are required to require those who are subject to their control that includes the USMS and CSOs to "be patient, dignified, respectful, and courteous to litigants".

f.    The following additional facts further confirm that Judge Caproni was among federal judges who **c)** were legally required to promptly intervene on my behalf against the USMS and CSOs to end the USMS' crimes:

i.    The fact that U.S. District Judge Lorna Schofield claimed in her 11/9/18 order (Dkt. 82) in K8 that she properly responded to my 7/20/18 filing

(Dkt. 20) in K7 by delegating the matter that my 7/20/18 filing concerned to U.S. Magistrate Judge Gabriel Gorenstein to deal with instead of her refuted claims by Judge Caproni and U.S. Magistrate Judge Robert Lehrburger in K1 in which they fraudulently claimed that complaints that I reported to them about the USMS' crimes were irrelevant in K1 instead of matters that Judge Caproni and Judge Lehrburger were legally required to properly, promptly, and objectively look into and fully remedy. The fact that Judge Gorenstein made remarks to me on 10/31/19 during a conference in K1 as he claimed then that he didn't have any authority to issue an order against the USMS to end the USMS' crimes doesn't change the fact that he could have promptly issued a report and recommendation partly to Judge Schofield in K1 in which he could have recommended to her to immediately issue an order to end the USMS' crimes. The remarks that are attributable to Judge Gorenstein about what I just discussed are shown in the written transcript that was prepared from the 10/31/19 conference in K1 that corresponds to docket number 279 in K1. Those remarks by him are shown in that transcript between **a)** line 22 on page 3 and line 3 on page 4 and **b)** lines 12 and 18 on page 4. This is critically important largely because it confirms that by arbitrarily, capriciously, and criminally refusing to intervene on my behalf about the USMS' crimes, Judge Caproni and Judge Lehrburger shared significant culpability with CSOs and USMS personnel for continuously provoking me by enabling the USMS' crimes and

allowing them to persist. That fact and circumstance excuses offensive remarks by me in legal filings in K1 that truly were a reflection of the fact that I was being illegally provoked and harmed by them with respect to the USMS' crimes.

7.      The fact that I prevailed in K3, K1 was a countersuit about that, and I illegally wasn't provided any video recording evidence that would have otherwise been recorded on 12/26/17 by Defendant Saquoi Harris' NYPD body-camera between 7:17 pm and when I first met him and Defendant Steven Perez on that date more than 10 minutes earlier as they subjected me to an illegal stop, seizure, assault, stalking, and harassment in a public corridor that is a traditional public forum entitles me to immediate partial summary judgment for my claims in K1. Mr. Harris was legally required by NYPD policies to have immediately and continuously recorded video with that body-camera for tha earlier period and I was indisputably and unduly prejudiced by the fact that I never received any video for that earlier period. What I just pointed out is clearly supported by a discussion that this Court's judges had on 4/17/23 during an oral arguments hearing in *Oakley v. Dolan*, No. 21-2939 (2d Cir.) as the panel that was assigned to that hearing expressed interest in determining whether Charles Oakley had been subjected to some type of harassment by people in Madison Square Garden that may have proximately provoked a confrontation involving him against others there that then ensued. This point is about initial-aggressor liability and but-for causation. I clearly

requested in K1 to be provided the audit-trail records for Defendant Saquoi Harris'

NYPD body-camera from 12/26/17 to have a diligent forensics assessment done to

determine whether **a)** that camera recorded video between 7:17 pm and when I first

met him and Mr. Perez on 12/26/17 and **b)** such video recording evidence was

thereafter illegally deleted or edited and withheld from me. However, Judge

Caproni and Judge Lehrburger biasedly and prejudicially ignored that crucial fact

in spite of the fact that such information would further establish that there never

was any valid grounds for a directive to have been issued in K1 to direct me to

issue a release for access to my medical records.

### Conclusion

This Court should grant this motion in its entirety, together with such other, further

and different relief as this court deems just, equitable, and proper partly to end and

otherwise prevent irreparable and substantial harm that I'm experiencing and am

otherwise imminently facing.

Dated:       April 21, 2023

_____
                        Towaki Komatsu

*Plaintiff, Pro Se*

1068 Franklin Ave., Rm. 307
Bronx, NY 10452
Tel: 305-784-7450
E-mail: Towaki_Komatsu@yahoo.com

## <u>CERTIFICATE OF COMPLIANCE ABOUT RULE 27(d)(2)</u>

I, Towaki Komatsu, certify that this motion contains 3,884 words and is 17 pages in length (excluding, as permitted by Fed. R. App. P. 32(f), the table of authorities, appended exhibits, and certificate of compliance), as counted by the Microsoft Word computer software used to prepare this motion.

I further certify pursuant to Fed. R. App. P. 27(d)(2) that the attached motion is proportionally spaced and has a typeface (Times New Roman) of 14 points.

Dated:          April 21, 2023

Towaki Komatsu

*Plaintiff, Pro Se*

1068 Franklin Ave., Rm. 307
Bronx, NY 10452
Tel: 305-784-7450
E-mail: Towaki_Komatsu@yahoo.com