UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-464

**Caption [use short title]**

**Motion for:** retroactive authorization to file a motion to a) supplement my 2/7/24 motion to recall and reinstate this appeal and b) grant me additional relief.

**Set forth below precise, complete statement of relief sought:**

I seek an order that will retroactively grant me authorization to file a motion to supplement my 2/7/24 motion to a) recall the mandate and reinstate this appeal and b) grant me additional relief.

Komatsu v. City of New York

**MOVING PARTY:** Towaki Komatsu
**OPPOSING PARTY:** See attached

[✓] Plaintiff  [ ] Defendant
[ ] Appellant/Petitioner  [ ] Appellee/Respondent

**MOVING ATTORNEY:** Towaki Komatsu
**OPPOSING ATTORNEY:** Jamison Davies

[name of attorney, with firm, address, phone number and e-mail]

Towaki Komatsu
55 West 110th St., New York, NY 10026
Tel: 305-784-7450/ E-mail: Towaki_Komatsu@yahoo.com

Jamison Davies
New York City Law Department, 100 Church St., NY, NY
10007/ Tel: 212-356-2490/ e-mail: jdavies@law.nyc.gov

**Court- Judge/ Agency appealed from:** U.S. District Judge Valerie Caproni

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes  [ ] No (explain):_____

Opposing counsel's position on motion:
[ ] Unopposed  [ ] Opposed  [✓] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [✓] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  [ ] Yes  [✓] No
Has this relief been previously sought in this court?  [✓] Yes  [ ] No
Requested return date and explanation of emergency: As soon as possible. This Court and other judges issued decisions after this Court's 8/2/23 decision in this appeal that repudiate this Court's 8/2/23 decision. Also, this Court and the district court unlawfully didn't consider relevant evidence that confirms that the dismissal of the district court action was baseless, biased, and prejudicial.

Is oral argument on motion requested?  [✓] Yes  [ ] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✓] No  If yes, enter date:_____

**Signature of Moving Attorney:**
Towaki Komatsu   **Date:** 2/8/24   Service by: [ ] CM/ECF  [✓] Other [Attach proof of service]

Form T-1080 (rev.12-13)

A. **Second Circuit Docket number:** 23-464

B. **Opposing Parties**:

| | | | |
|---|---|---|---|
| 1. | The City of New York | 8. | NYPD Officer Avdo Javorovac |
| 2. | NYPD Sergeant Frank Amill | 9. | NYPD Officer Brian Leo |
| 3. | NYPD Officer John Avellino | 10. | NYPD Officer Liang Lin |
| 4. | NYPD Officer Andrew Cummings | 11. | NYPD Officer Steven Perez |
| 5. | NYPD Officer Ruben Farrell | 12. | NYPD Officer Claudia Rodriguez |
| 6. | NYPD Officer Saquoi Harris | 13. | NYPD Captain Joseph Tompkins |
| 7. | NYPD Officer Robert Holmes | | |

C. **Opposing Attorney's Contact Information**:

- **Name**: New York City Corporation Counsel Sylvia Hinds-Radix (her office appears to have designated Jamison Davies who works for it to represent the defendants listed above)

    **Mailing address**:

    New York City Law Department
    100 Church Street
    New York, New York 10007

    Tel: (212) 356-1000
    E-mail: ServiceECF@law.nyc.gov

    Jamison Davies
    Tel: (212) 356-2490
    E-mail: davies@law.nyc.gov

UNITED STATES COURT OF APPEALS FOR
THE SECOND CIRCUIT
------------------------------------------------------------ X

Towaki Komatsu,  Docket Number: 23-464

                        Plaintiff,  **Affirmation in support of emergency motion for permission to file a supplemental motion to recall the mandate**

v.

The City of New York,

                        Defendants.

------------------------------------------------------------ X

## Table of Contents

| **Section** | **Page** |
|---|---|
| 1. Preliminary Remarks | 2 |
| 2. Relief Sought | 3 |
| 3. Reasons to Grant the Relief Sought | 3 |
| 4. Certificate of Compliance with Rule 27(d)(2) | |

Page 1 of 13

**Preliminary Remarks**

1.　I, Towaki Komatsu, declare, pursuant to 28 U.S.C. §1746, under penalty of perjury that the information that is presented throughout this affirmation and incorporated within it is true and accurate. The acronyms shown in the next table's first column refer to ongoing and past litigation involving me to which I refer in this affirmation that is listed to the right in that table.

| # | Acronym | Litigation |
|---|---------|-----------|
| 1 | K1 | *People v. Komatsu*, No. 2017BX048917 (Bronx Crim. Ct. Jan. 23, 2020) |
| 2 | K2 | *Komatsu v. City of New York*, No. 20-10942 (VEC)(RWL)(S.D.N.Y. Jun. 17, 2022) |
| 3 | K3 | *Komatsu v. City of New York*, No. 23-464 (2d Cir. Aug. 2, 2023) |
| 4 | K4 | *Komatsu v. City of New York*, No. 18-cv-3698 (LGS)(GWG)(S.D.N.Y. Sep. 27, 2021) |
| 5 | K5 | *USA v. Komatsu*, No. 18-cr-651 (ST)(E.D.N.Y. Oct. 21, 2019) |
| 6 | K6 | *Komatsu v. USA*, No. 21-cv-1838 (RJD)(RLM)(S.D.N.Y. Jan. 19, 2023) |

2.　The next table's first column lists acronyms that I use in this affirmation to refer to things that are listed and otherwise described in its second column.

| Acronym | Refers To |
|---------|-----------|
| BCC | Bronx Criminal Court |
| CSO(s) | Federal court security officer(s) |
| DPM | The Daniel Patrick Moynihan federal courthouse |
| FOIA | The Freedom of Information Act |
| SCOTUS | The U.S. Supreme Court |
| TM | The Thurgood Marshall federal courthouse |
| USAO | The U.S. Attorney's Office for the Southern District of New York |
| USMS | The U.S. Marshals Service |

| | |
|---|---|
| The USMS' Crimes | How I defined this between pages 5 and 7 in the PDF file for my 6/2/22 filing in K5 (Dkt. 145) |

3.  The abbreviations shown in the next table's first column refer to judges to whom I refer in this affirmation that are identified in that table's second column.

| Abbreviation | Judge |
|---|---|
| Judge Caproni | U.S. District Judge Valerie Caproni |
| Judge Collins | BCC Judge Tara Collins |
| Judge Gorenstein | U.S. Magistrate Judge Gabriel Gorenstein |
| Judge Lehrburger | U.S. Magistrate Judge Robert Lehrburger |
| Judge Schofield | U.S. District Judge Lorna Schofield |
| Judge Swain | U.S. Chief District Judge Laura Taylor Swain |

## Relief Sought

I urge this Court to immediately issue an order that grants me immediate relief by:

1.  Granting me retroactive authorization to file this motion to supplement my 2/7/24 motion in K3 for authorization to file a motion in K3 to recall the mandate and reinstate my appeal that corresponds to K3.

## Reasons to Grant the Relief Sought

1.  Plain error by this Court and other federal judges about the USMS' crimes confirms that I have been entitled to new trials since 2018 for all federal court litigation that I commenced since then. SCOTUS' decisions in **a)** *Sheppard v. Maxwell*, 384 U.S. 333, 86 S. Ct. 1507, 16 L. Ed. 2d 600 (1966); **b)** *Maness v. Meyers*, 419 U.S. 449, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975); and **c)** *Chambers v. Nasco, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) are controlling

law. The decision in Sheppard v. Maxwell is available as a PDF file on the web site of the U.S. Library of Congress at https://tile.loc.gov/storage-services/service/ll/usrep/usrep384/usrep384333/usrep384333.pdf. Page 31 in that decision contains the following findings that this Court and every single other federal judge that has been assigned since 2018 to federal court litigation in which I have been a party have prejudicially and inexcusably violated:

> SHEPPARD v. MAXWELL. 363
>
> 333   Opinion of the Court.
>
> that proscribes the press from reporting events that transpire in the courtroom. But where there is a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial, the judge should continue the case until the threat abates, or transfer it to another county not so permeated with publicity. In addition, sequestration of the jury was something the judge should have raised *sua sponte* with counsel. If publicity during the proceedings threatens the fairness of the trial, a new trial should be ordered. But we must remember that reversals are but palliatives; the cure lies in those remedial measures that will prevent the prejudice at its inception. The courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences. Neither prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function. Collaboration between

2.      The following are the specific findings that appear in the preceding screenshot that apply to this motion:

>    "**If publicity during the proceedings threatens the fairness of the**

Page 4 of 13

**trial, a new trial should be ordered.** But we must remember that reversals are but palliatives; **the cure lies in those remedial measures that will prevent the prejudice at its inception. The courts must take such steps by rule and regulation -that will protect their processes from prejudicial outside interferences. Neither** prosecutors, counsel for defense, the accused, witnesses, **court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function.**"

(boldface formatting added for emphasis)

3. This Court and all other federal judges to whom I have reported complaints about the USMS' crimes illegally and prejudicially violated the preceding findings by:

    a. Ignoring the material fact that the USMS and CSOs have illegally, prejudicially, discriminatorily, and conspicuously displayed images since at least 2019 of my face and my name on tablet computer screens in DPM and TM that have been and continue to be clearly visible and unduly prejudicial both for me and the general public that includes people who could potentially be jurors, witnesses, judges, and attorneys in litigation in which have been and may later be a party.

    b. Illegally and prejudicially condoning and enabling the USMS' crimes against me partly by refusing to intervene on my behalf about that in spite of the fact that 28 U.S.C. §566(a) and while such judges could have done so directly or otherwise, <u>Chambers v. Nasco, Inc.</u>, and 28 U.S.C. 1651 confirm that that such judges have always had the power directly or otherwise to intervene on my behalf about that.

4. On 8/24/23, I informed this Court about most of the information that I will discuss next. I did so previously in the legal filing that I filed on 8/24/23 in <u>Komatsu v. NTT Data, Inc.</u>, No. 22-1405 (2d Cir.) in which such information begins on page 15 of the affirmation in support. On 7/8/22, Tara Schwartz of the USAO filed a memorandum of law in K6 that corresponds to docket number 153. In that filing, she made remarks on page 10 as she acknowledged that one of my claims in K6 was about the fact that CSOs and USMS personnel were violating my privacy rights by causing a tablet computer's screen located in a security screening area inside of TM to display a photograph of my face at an angle that enabled members of the general public to view that image. While making those remarks, she neglected to also mention that one of those images was from K1 that continued to be shown on that tablet computer screen after Judge Collins dismissed and sealed K1 on 1/23/20 in response to the fact that I prevailed in that malicious prosecution. This confirms that the USMS and CSOs illegally violated her sealing order. Ms. Schwartz also neglected to mention the fact that the faces of others who have no ties to me and their names were shown on that tablet computer screen and that fact established that USMS personnel were violating my rights against compelled association. I informed Judge Swain on page 3 in the legal filing (Dkt. 23) that I filed on 8/18/23 in <u>Komatsu v. City of New York</u>, No. 23-cv-5406 (LTS)(S.D.N.Y.) that I saw both an image of my face and my name yet again on

8/18/23 on a tablet computer screen on the first floor in TM in its security screening area while that information about me was shown at 7-minute intervals apart at 9:46 am, 9:53 am, and 10 am. This means that such information about me was criminally being shown to the general public more than 60 times over an 8-hour period every single day while I conduct myself in an entirely lawful manner and without regard to whether I'm inside of TM. That was and remains blatant and patently illegal harassment of me partly in the form of adverse publicity and provocation of me that sabotaged instead of merely threatened my right to fair trials in all federal court litigation that I commenced since 2018. That fact always demanded a new trial for all such litigation. CSO Vincent Chirico was my escort in TM then and can confirm that I conducted myself in an entirely lawful manner.

5. What I will discuss next is about screenshots from a video recording that was recorded on 10/11/22 inside of TM by a video security camera that the USMS controls that is located inside of the security screening area on the first floor in TM. That video recording is available on the Internet at https://drive.google.com/file/d/1oopksuwJ6ujuqcHFOxdksn-1En5fOJaT/view?usp=sharing and was provided to me by the USMS on 9/28/23 in response to a FOIA demand that I submitted to the USMS. The screenshot shown next is from the elapsed time of 5 minutes and 34 seconds in that video and shows me in it in the upper-left corner while I was looking at an image of my face and my

name while that information was shown on a tablet computer screen that the USMS redacted in that video. That screen corresponds to the redacted area on the right that is the furthest redacted area on the right.



6. The screenshot shown next is from the elapsed time of 5 minutes and 39 seconds in that video and shows me in it in the upper-left corner while I asked a CSO who likely was Mr. Chirico to tell me what the current time then was in order to enable me to record what the time then was right after I had just seen an image of my face and my name on the tablet computer screen that I just referred to. This explains why I engaged in body language at that juncture in this video that shows me tapping the area near my left wrist to signal that I then wanted to know what

Page 8 of 13

the time then was.



7. The screenshot shown next is from the elapsed time of 6 minutes and 4 seconds in that video and shows me bending over a countertop as I wrote down information about what the current time then was and the fact that I had just seen an image of my face and my name on the tablet computer screen in that security screening area.



8.   The screenshot shown next is from the elapsed time of 6 minutes and 9 seconds in that video and shows me holding a pen while I pointed at the 3 video security cameras that are installed in that security screening area and are controlled by the USMS. I made note of those cameras then because I intended to submit a timely FOIA demand to the USMS to be provided video recordings from all of them from that date partly to enable me to ascertain both **a)** the number of visitors to TM who may possibly have also looked at what was shown on the tablet computer screen there and **b)** how those visitors appeared before they could possibly later be **c)** jurors, witnesses, or attorneys in litigation in which I was then or could later be a party or **d)** journalists who might with to report about such

litigation.



9. Before Judge Caproni and Judge Lehrburger illegally refused in K2 to intervene on my behalf to end the USMS' Crimes as proven partly by the sum and substance of the conversation that I had with Judge Lehrburger on 12/14/21 during a conference in K2. For example, the written transcript that was prepared from that conference contains the information between line 15 on page 20 and line 7 on 21 that confirms that Judge Lehrburger illegally refused to intervene on my behalf about the USMS' Crimes after I was referring to CSO Peter Kornas as a CSO who assaulted me in June of 2021 in remarks that I made on page 19 between lines 15 and 21. The material fact that Mr. Kornas illegally assaulted me in DPM on

6/29/21 after I completed the security screening process and while I was conducting myself in a lawful manner as he did so by physically seizing me in the presence of CSO Anthony Venturella before Mr. Venturella directed him to let go of me confirms that Judge Lehrburger needed to immediately directly or indirectly cause the USMS' Crimes to end when I talked with him on 12/14/21 partly because doing so was required by findings in *Sheppard v. Maxwell* that confirm that judges are required to **a)** take such steps by rule and regulation -that will protect their processes from prejudicial outside interferences and **b)** prevent court staff and enforcement officers from frustrating the functions of judges in litigation of mine partly by provoking me inside of courthouses before that triggered reciprocal verbal backlashes by me towards judges who enabled and condoned the USMS' Crimes.

10. The written transcript that was prepared from the conference that I had on 10/31/19 in K4 with Judge Gorenstein confirms that he illegally refused to intervene on my behalf to end the USMS' Crimes. He certainly could have urged Judge Schofield to issue an order to promptly do so. Prior to that conference, my 7/20/18 filing in K4 confirms that I urged her to do so. When she dismissed K4 and when Judge Lehrburger issued a report in which he urged her to dismiss K4, both of them fraudulently omitted in that report and her dismissal order about the USMS' Crimes, how that provoked me, and the fact that they refused to end the

USMS' Crimes in defiance of *Sheppard v. Maxwell*.

Dated: February 8, 2024

                                                    Towaki Komatsu

*Plaintiff, Pro Se*

55 West 110th St.
New York, NY 10026
Tel: 305-784-7450
E-mail: Towaki_Komatsu@yahoo.com

## **CERTIFICATE OF COMPLIANCE WITH RULE 27(d)(2)**

I, Towaki Komatsu, certify that this motion contains 2,181 words and is 13 pages in length (excluding, as permitted by Fed. R. App. P. 32(f), the table of authorities, appended exhibits, and certificate of compliance), as counted by the Microsoft Word computer software used to prepare this motion.

I further certify pursuant to Fed. R. App. P. 27(d)(2) that the attached motion is proportionally spaced and has a typeface (Times New Roman) of 14 points.

Dated:     February 8, 2024

                                                                Towaki Komatsu

*Plaintiff, Pro Se*

55 West 110th St.
New York, NY 10026
Tel: 305-784-7450
E-mail: Towaki_Komatsu@yahoo.com